IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Alexander James Arana,<br><br>          Defendant. | **CR 24-08338-TUC-JCH-BGM**<br><br>**AMENDED MAGISTRATE JUDGE**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Petition to Revoke Supervised Release (Doc. 45), filed on October 24, 2025. An evidentiary hearing took place before Magistrate Judge Macdonald on January 27, 2026. *See* Minute Entry 127/2026 (Doc. 53). Defendant was present in person, in custody, and assisted by counsel. The Government presented two witnesses, United States Probation Officer Alma Perez and Department of Public Safety Detective Maxwell Wozniak, and submitted twelve exhibits into evidence (Exhibits 1, 2a, 2b, 2c, 3a, 3b, 3c, 4, 5, 6, 7 and 8). Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Macdonald for an evidentiary hearing and a report and recommendation. *See also* 18 U.S.C. § 3401(i). The Magistrate Judge recommends that the District Judge, after his independent review, find that Defendant did violate certain terms of his Supervised Release.

## I. BACKGROUND

On November 26, 2025, Defendant pled guilty to the felony offense of Conspiracy to Transportation of Illegal Aliens for Profit. *See* Minute Entry 11/26/2025 (Doc. 18, amended by Doc. 37). On February 6, 2025, the District Judge sentenced the Defendant to six (6) months incarceration with the Bureau of Prisons, with credit for time served, and three (3) years of supervised release. *See* Judgment (Doc. 29).

On October 24, 2025, a Petition to Revoke Supervised Release was filed alleging violations of the following condition of Supervised Release:

Mandatory Condition No. 1, which states: "You must not commit another federal, state or local crime."

Petition for Warrant to Revoke Supervised Release (Doc.45, at 1.)

## II. ALLEGATIONS

**Allegation A – Mandatory Condition No. 1**

This condition required the Defendant not to commit another federal, start or local crime. The petition alleges that on October 21, 2025, Alexander James Arana committed the offenses of:

1. Theft of Means of Transportation, in violation of ARS 13-1814A1, a Class 3 Felony Offense, as evidenced by information provided by Detective M. Wozniak, from the Arizona Department of Public Safety.

2. Burglary in the Third Degree, in violation of ARS 13-1506A1, a Class 4 Felony Offense, as evidenced by information provided by Detective M. Wozniak, from the Arizona Department of Public Safety.

3. Theft Over $25,000, in violation of ARS 13-1802, a Class 2 Felony Offense, as evidenced by information provided by Detective M. Wozniak, for the Arizona Department of Public Safety.

**III. DISCUSSION**

**Allegation A2 and A3 – Mandatory Condition No. 1**

The government did not present evidence on Allegations A2 and A3. The Magistrate Judge recommends Allegations A2 and A3 be dismissed.

**Allegation A1 – Mandatory Condition No. 1**

This condition required the Defendant not to commit another federal, state or local crime.

On November 26, 2025, Mr. Arana pled guilty to the felony offense of Transportation of Illegal Aliens for Profit. He was sentenced to six (6) months incarceration with the Bureau of Prisons, with credit for time served, and placed on supervised release for a term of three (3) years.

On May 12, 2025, Mr. Arana's conditions of supervised release were modified to allow Mr. Arana to reside in a Residential Reentry Center for up to 180 days.

On September 30, 2025, Mr. Arana completed his prison sentence and met with United State Probation Officer Alma Perez. Ms. Perez reviewed with Mr. Arana his Judgment of February 6, 2025, and his conditions of Supervised Release, including the condition about not committing a crime.  Mr. Arana signed the conditions of Supervised Release on September 30, 2025, acknowledging his understanding of the conditions (Exhibit 1).

On October 24, 2025, the present Petition to Revoke Supervise was filed.

Detective Maxwell Wozniak is with the Department of Public Safety Vehicle Theft Task Force. Late in the evening of October 21, 2025, he was notified of a stolen vehicle attempting to exit the United States at the DeConcini Port of Entry in Nogales. The vehicle had been reported stolen, and the license plate matched the license plate of the vehicle that had been reported as stolen.  Detective Wozniak arrived at the Port of Entry at approximately 1:00 a.m. on October 22, 2025. Detective Wozniak was notified that the

driver of the suspected stolen vehicle was Alexander James Arana. Detective Wozniak testified the vehicle had a temporary Arizona vehicle registration showing the vehicle, a 2020 Jeep Grand Cherokee, was registered to Muhammad Bilal Khan and was also titled in Arizona to Muhammad Bilal Khan, with an Arizona address of 1701 S. Gilbert Road Apartment 1001 (Exhibits 7 and 8). The vehicle was in good condition except for a broken rear driver side window that was covered with plastic material (Exhibits 2A, 2B and 2C) and damage to the underside of the driver side dashboard (Exhibits 4, 5 and 6). The key fob was also a generic fob, which Detective Wozniak found suspicious, as such fobs are frequently used in stolen vehicles (Exhibits #a, 3B and 3C).

Once Detective Wozniak arrived at the Port of Entry he interviewed Mr. Arana. Mr. Arana said he did not know the vehicle was stolen. Mr. Arana said he lived in Nogales, Arizona and that he had taken a shuttle from Nogales to Phoenix. He said he bought the vehicle in Phoenix and was driving it to Nogales. Mr. Arana also said he feared for his life. Mr. Arana did not have any paperwork showing his alleged purchase of the vehicle.

Mr. Arana was ultimately charged by a criminal complaint in the Santa Cruz County Justice Court. Count 2 of the Complaint entitled Theft Of Means Of Transportation alleges a violation of Arizona Revised Statutes §13-1814(A)(5), among others.

Arizona Revised Statutes §13-1814 states in pertinent part:

A. A person commits theft of means of transportation if, without lawful authority, the person knowingly does one of the following:

    5. Controls another person's means of transportation knowing or have reason to know that the property is stolen.

B. The inferences set forth in §13-2305 apply to any prosecution under subsection A, Paragraph 5 of this section.

Arizona Revised Statutes §12-2305 states in pertinent part:

In an action for trafficking in stolen property:

    1. Proof of possession of property recently stolen, unless satisfactorily explained, may give rise to an inference that the person in possession of

the property was aware of the risk that it had been stolen or in some way participated in its theft.

Under 18 U.S.C §3583(d), a mandatory condition of supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct.

The Magistrate Judge finds that Mr. Arana's conduct has established he committed another state or local crime.

The Magistrate Judge finds by a preponderance of the evidence that the Defendant did violate Mandatory Condition No. 1 of his supervised release, as set forth in Allegation A1 of the petition.

**IV. RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. §636 (b) and 18 U.S.C. §3401 (i), the Magistrate Judge **RECOMMENDS** that the District Judge, after an independent review of the record, finds as follow:

1) Allegations A2 and A3 (Mandatory Condition No. 1) be dismissed;

2) The Defendant did violate Mandatory Condition No. A1;

Pursuant to 28 U.S.C. §636 (b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections with fourteen (14) days after being served with a copy of this Report and Recommendation. No reply shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CR 24-08338-TUC- JCH**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. 59 may result in waiver of the right of de novo review.

Dated this 2nd[h] day of February 2026

Honorable Bruce G. Macdonald
United States Magistrate Judge