**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-08338-001-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Alexander James Arana, | |
| Defendant. | |

On October 24, 2025, a Petition to Revoke Supervised Release issued in this case alleging Defendant had violated Mandatory Condition No. 1 of his supervised release by committing a federal, state, or local crime. Doc. 45. Defendant denied the allegations, *see* Docs. 48, 52, and Magistrate Judge Bruce G. Macdonald held an evidentiary hearing on January 27, 2026, *see* Doc. 53. Before the Court is Judge Macdonald's Report and Recommendation ("R&R") (Doc. 57), recommending the Court find Defendant committed a federal, state, or local crime and thus violated the terms of his supervised release. Neither party objected to the R&R. The Court will adopt the R&R in full.

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). Failure to timely object may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis

in original)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge).

After independent review, the Court is satisfied that Judge Macdonald's recommendation is sound. The evidence shows that on October 21, 2025, Defendant was in possession of and was attempting to exit the United States with a vehicle that had recently been reported as stolen. The damage to the underside of the vehicle's dashboard and the generic key fob were signs that the vehicle was stolen, and though Defendant stated he had just bought the vehicle, he could provide no additional information and proof of sale. Under Arizona law, "[p]roof of possession of property recently stolen, unless satisfactorily explained, may give rise to an inference that the person in possession of the property was aware of the risk that it had been stolen or in some way participated in its theft." A.R.S. § 13-2305(1). Accordingly, a preponderance of the evidence[1] shows that Defendant violated A.R.S. § 13-1814(A)(5) because he "[c]ontrol[ed] another person's means of transportation knowing or having reason to know that the property [was] stolen." The Court will adopt the R&R in full.

Accordingly,

**IT IS ORDERED adopting in full** the R&R (Doc. 57). Allegations A2 and A3 in the Petition to Revoke Supervised Release (Doc. Doc. 45) are dismissed. The Court finds Defendant did commit the state crime alleged in Allegation A1 and thus violated Mandatory Condition No. 1 of his supervised release.

**IT IS FURTHER ORDERED directing** the U.S. Probation Office to prepare a disposition report.

///

///

---

[1] A court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release."18 U.S.C. § 3583(e)(3).

- 2 -

**IT IS FURTHER ORDERED setting** a Final Disposition Hearing for **March 24, 2026, at 10:20 a.m.** before the Hon. John C. Hinderaker.

Dated this 24th day of February, 2026.

John C. Hinderaker
United States District Judge